United States District Court
Southern District of Texas
**ENTERED**
April 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:20-cv-00434 | |
| 0.5467 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; and JUAN § | |
| INDALECIO GARCIA, § | |
| § | |
| Defendants. § | |

### FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the parties' "Joint Motion for Order Establishing Just Compensation, Confirming Possession, and Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-RGC-T2003E-1 and RGV-RGC-T2003E-2"[1] and determined that it warrants entry of this final judgment,[2] the Court **ORDERS, ADJUDGES**, and **DECREES** that:

The United States is granted two temporary easements as described below. Over Tract RGV-RGC-T2003E-1, which is a 0.1429 acre parcel of land more particularly described in Schedules C and D of the United States' "Complaint in Condemnation,"[3] the United States is granted a non-exclusive, temporary, and assignable easement and right-of-way in, on, over, under and across Tract RGV-RGC-T2003E-1 for the period beginning July 21, 2020, and ending July 20, 2024, for use by the United States, its representatives, agents, and contractors for the location, construction, operation, maintenance, alteration, and replacement of a road and

---

[1] Dkt. No. 15.
[2] *See* Dkt. No. 16.
[3] Dkt. No. 1-1 at 5–12.

aboveground and underground utility lines and appurtenances thereto; together with the right to trim, cut, fell, or remove any vegetative or structural obstacles that interfere with the right-of-way; and subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and reserving, to the landowner and his heirs and assigns the right to use the surface of such land as access to his adjoining land or for any other use consistent with its use as a road and utility easement. Over Tract RGV-RGC-T2003E-2, which is a 0.4038 acre parcel of land more particularly described in Schedules C and D of the United States' "Complaint in Condemnation,"[4] the United States is granted an exclusive, temporary, and assignable easement and right-of-way, in, on, over, and across Tract RGV-RGC-T2003E-2, for the period beginning July 21, 2020, and ending July 20, 2024, for use by the United States, its representatives, agents, and contractors for the location, construction, operation, maintenance, alteration, repair, and patrol of a relocatable tower or towers and associated facilities; together with the right to trim, cut, fell, or remove any vegetative or structural obstacles that interfere with the tower; subject to existing easements for public roads and highways, public utilities, railroads, and pipelines. All those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken: to construct, install, operate, and maintain a border security tower, roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

---

[4] Dkt. No. 1-1 at 5–12.

The total sum of seven hundred fifty dollars ($750), together with any interest earned while on deposit in the registry of the Court,[5] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tracts RGV-RGC-T2003E-1 and RGV-RGC-T2003E-2 and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of March 24, 2021,[6] shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse the $750 on deposit in the Court's registry,[7] together with interest, payable directly to Defendant Juan Indalecio Garcia.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendant Juan Indalecio Garcia shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendant Juan Indalecio Garcia. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and

---

[5] *See* Dkt. No. 14; 40 U.S.C. § 3116.

[6] *See* Dkt. No. 1-1 at 16 (identifying $750 as just compensation); Dkt. No. 14 (Mar. 24, 2021) (the Clerk of the Court's receipt for the deposit of $750); 40 U.S.C. § 3114(b)(1)–(2) (once the estimated amount of just compensation is deposited, the land is condemned and taken and title vests in the government); *see United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. Unit A 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").

[7] *See* Dkt. No. 14.

any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 9th day of April 2021.

                                            Micaela Alvarez
                                        United States District Judge